UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROI GROUP, INC.,             ) | |
| ) | |
| Plaintiff,         ) | |
| ) | CIVIL ACTION NO. |
| VS.                          ) | |
| ) | 3:15-CV-2670-G |
| DARRIN ANTHONY STULL, ET AL.,) | |
| ) | |
| Defendants.       ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion in abatement of third-party defendants Jian "Leo" Liu ("Liu") and Montana West, Inc. ("Montana West") (docket entry 27). For the reasons stated below, the motion in abatement is denied.

### I. INTRODUCTION

On August 14, 2015, the plaintiff, ROI Group, Inc. ("ROI"), filed its complaint against Darrin Anthony Stull, Lesha Renee Stull and DSLS Group, LLC ("DSLS"). *See generally* Plaintiff's Original Complaint ("Complaint") (docket entry 1). ROI asserts causes of action against the defendants for unfair competition under

the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), business disparagement, defamation, libel, tortious interference with existing business relationships, and tortious interference with prospective business relations. *Id.* ¶¶ 32-70.

On September 8, 2015, the defendants filed their original answer (docket entry 9). On February 22, 2016, the defendants filed a counterclaim against ROI asserting claims for civil conspiracy, fraud in the inducement, fraud and intentional misrepresentation, tortious interference with existing business relations, tortious interference with prospective business relations, negligent misrepresentation, and business disparagement. *See* Defendants' Original Counterclaim ("Counterclaim") ¶¶ 23-38 (docket entry 20). On the same day, the defendants filed a third-party complaint against the third-party defendants, David Duff ("Duff"), Gil Munoz ("Munoz"), Liu, and Montana West, asserting claims for civil conspiracy, fraud in the inducement, fraud and intentional misrepresentation, tortious interference with existing business relations, tortious interference with prospective business relations, negligent misrepresentation, and business disparagement. *See* Defendants' Third-Party Original Complaint ("Third-Party Complaint") ¶¶ 27-42 (docket entry 21). On March 24, 2016, ROI filed its answer to the defendants' counterclaim (docket entry 24), and Duff and Munoz filed their answer to the defendants' third-party complaint (docket entry 25).

On April 5, 2016, third-party defendants, Montana West and Liu, filed the instant motion in abatement. *See* Third-Party Defendants' Motion in Abatement ("Motion") (docket entry 27). In their motion, Montana West and Liu ask the court to dismiss the defendants' third-party complaint because there is another pending action regarding the same questions of law and fact. *Id.* at 1. On June 18, 2014, before ROI filed this suit, third-party defendant Liu filed suit in "the 160th [Judicial] District Court of Dallas County[, Texas]" against Darrin Stull and Guaranteed Merchandise Group, Inc. ("GMG"). *Id.* ¶¶ 1-2 (*Liu v. Stull, et al.*, No. DC-14-06512 ("the state court suit")). Lesha Stull and DSLS were later added as defendants, and Montana West intervened. *Id.* ¶ 1. In the state court suit, Liu and Montana West alleged that Darrin and Lesha Stull breached a business agreement, wrongfully diverted business funds, misappropriated trade secret, and committed fraud. *Id.* ¶ 3. Darrin Stull filed counterclaims against Liu and Montana West asserting that they breached a business agreement, committed fraud, breached fiduciary duties, and misappropriated trade secrets. *Id.* ¶ 4. Montana West and Liu request that the court enter an order granting their motion to abate the defendant's third-party complaint because "the parties and the claims of the parties" in the state court suit are the same as in the third-party claim here. *Id.* ¶ 5.

On April 25, 2016, the defendants filed a response to the third-party defendants' motion to abate. *See* Defendants' Response to Motion to Abate

("Response") (docket entry 31). The defendants do not oppose the third-party defendants' motion to abate. *See id.* ¶ 1. The defendants, instead, go further and contend that the court should abate the entire case until "the underlying suit pending in the 134th Judicial District Court of Dallas County, Texas."[1] *Id.* Additionally, the defendants request that the court "immediately suspend all deadlines" listed in the scheduling order governing this case. *Id.* ¶ 3.

The plaintiff, as well as third-party defendants Duff and Munoz, did not file any response to the motion to abate of third-party defendants Liu and Montana West. Lastly, third-party defendants Liu and Montana West did not file a reply in support of their motion to abate. Thus, the motion is now ripe for consideration.

## II. ANALYSIS

### A. Motion to Abate Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). When there is a possibility that a stay will work damage to the non-movant, however, "'the suppliant for a stay must make out a clear case of

---

[1] The defendants aver that the case is pending in the 134th Judicial District Court, while the third-party defendants allege that the case is pending in the 160th Judicial District Court. *Compare* Motion ¶ 2 ("160th"); *with* Response ¶ 1 ("134th"). It appears that the state court suit is pending in the 134th Judicial District Court of Dallas County, Texas.

hardship or inequity in being required to go forward.'" *SuperMedia Inc. v. Bell*, No. 3:12-CV-2034-G, 2012 WL 5389683, at *1 (N.D. Tex. Nov. 2, 2012) (Fish, J.) (quoting *Wedgeworth v. Fibreboard Corporation*, 706 F.2d 541, 545 (5th Cir. 1983) (internal quotations omitted)). Relatedly, notwithstanding a district court's wide discretion to grant a stay under its inherent powers, a discretionary stay must not be "'immoderate or of an indefinite duration.'" *In re Ramu Corporation*, 903 F.2d 312, 318 (5th Cir. 1990) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

The *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*") standard applies when a court is considering a motion to stay or abate in favor of a state court proceeding when the state court preceding will have a preclusive effect on any of the issues being considered by the federal court. *Fishman Jackson PLLC v. Israely*, No. 3:15-CV-2897-G, 2016 WL 1436431, at *6 (N.D. Tex. Apr. 12, 2016) (Fish, J.). When applying the *Colorado River* standard, courts in the Fifth Circuit employ a well-established, six-factor test. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 798 (5th Cir. 2014). Under *Colorado River*, courts should consider "whether exceptional circumstances warrant abstention," in light of the following factors: "1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what

extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Id.* (quoting *Stewart v. Western Heritage Insurance Company*, 438 F.3d 488, 491 (5th Cir. 2006)).

Due to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," a court's discretion under the *Colorado River* standard -- when it applies -- is narrowly circumscribed. *Colorado River*, 424 U.S. at 817. Furthermore, a stay under *Colorado River* is appropriate only when another case is pending before a state court, and the federal case and the state court case are "parallel," meaning that the cases involve "the same parties and the same issues." *Lucien*, 756 F.3d at 797 (quoting *RepublicBank Dallas, National Association v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (per curiam)).

The Supreme Court has made clear that *Colorado River* abstention can apply even in situations in which a district court merely "postpone[s] the exercise of its jurisdiction." *County of Allegheny v. Frank Mashuda Company*, 360 U.S. 185, 188 (1959). "If there is any substantial doubt as to" whether "the parallel state-court litigation will be an adequate vehicle for the *complete* and prompt resolution of the issues between the parties" . . ., "it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 28 (1983) (emphasis added). The Fifth Circuit has held that

it is an abuse of discretion for a federal district court to defer to a state court when the proceedings are not parallel and the state court's decision will dispose only of some of the issues.  See *American Guarantee & Liability Insurance Company v. Anco Insulations, Inc.*, 408 F.3d 248, 252 (5th Cir. 2005) ("While the two suits share some issues between Zurich and Anco, Royal is not a party to the state suit. In addition, the state action does not encompass Zurich's claim for restitution.  The court thus lacked discretion under *Colorado River* to stay in favor of the state suit.").

Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction . . . ." *Colorado River*, 424 U.S. at 817-18 (internal quotations omitted).  "This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.*  As other courts have recognized, this language means that "only exceptional circumstances permit a federal court to refuse to exercise its jurisdiction in deference to a concurrent state proceeding." *Cottrell v. Duke*, 737 F.3d 1238, 1249 (5th Cir. 2013).  Although "a district court retains its inherent power to control its docket when facing concurrent state and federal litigation," this power is limited by the *Colorado River* factors.  *Id.*  When a federal district court allows a state court to finally resolve any issue properly before the federal court -- whether indirectly,

through principles of issue or claim preclusion, or directly, through dismissal of the cause of action -- the federal court is effectively surrendering its jurisdiction to the state court.  See *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706, 722 (1996) ("To be sure, the abstention doctrines and the doctrine of *forum non conveniens* proceed from a similar premise:  In rare circumstances, federal courts can relinquish their jurisdiction in favor of another forum.").

### B.  Discussion

Liu and Montana West request that the court abate the defendants' third-party complaint because another pending state court action exists regarding the same questions of law and fact.  Motion at 1.  The defendants do not oppose this request, and further request that the court abate the entire proceeding.  Response ¶ 1.  No party cites any statute, case law, or other support for the relief they seek.  *See generally* Motion; Response.

Liu, Montana West, and the defendants evidently do not appreciate the gravity of their requests.  They seek to have this court relinquish its jurisdiction in favor of a state court.  The only reason for this relief is that there is a pending action involving the "same" parties and claims as in the third-party complaint before the court.  Motion ¶ 5.

While the parties and claims in the third-party complaint before the court are parallel with the parties and claims in the state court suit,[2] the parties and claims are not the same.  In their third-party complaint, the defendants here have alleged claims against Duff and Munoz, who are not parties to the state court suit.  *See* Third-Party Complaint; Motion ¶¶ 2-4.  In the state court suit, the defendants asserted counterclaims against the third-party defendants for breach of contract, fraud, breach of fiduciary duties, and misappropriation of trade secrets, and the third-party defendants asserted claims against the defendants for breach of contract, wrongful diversion of business funds, misappropriation of trade secrets, and fraud.  Motion ¶¶ 3-4.  Here, the third-party defendants have not filed any claims against the defendants, but the defendants have asserted claims against the third-party defendants for civil conspiracy, fraud in the inducement, fraud and intentional misrepresentation, tortious interference with existing business relations, tortious interference with prospective business relations, negligent misrepresentation, and business disparagement.  Third-Party Complaint ¶¶ 27-42.  While the defendants' fraud claims overlap with their fraud claim in the state court, the defendants assert several claims here that they did not in state court.  Therefore, the parties and issues here are not the same as the parties and issues in the state suit.

---

[2]     *McIntosh*, 828 F.2d at 1121 (per curiam) (concluding "that there need not be applied in every instance a mincing insistence on precise identity of" the parties and issues in order for a federal case and state court case to be considered parallel under *Colorado River*, 424 U.S. at 817).

If the state court suit will have a preclusive effect on any of the issues or claims before this court or this court otherwise intends to let the state court decide a legal or factual issue, the court should apply the *Colorado River* test to the motion to abate. *Fishman Jackson PLLC*, 2016 WL 1436431, at *6. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Claim preclusion" prevents a party from litigating the same claim more than once, "whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Here, it appears that if the state court rules on the defendants' fraud claim in state court, that ruling would have a preclusive effect on the defendants' fraud claims before this court. Therefore, the court applies the *Colorado River* test to the motion to abate.

The Fifth Circuit has held that it is an abuse of discretion for a federal district court to defer to a state court even when the proceedings are not parallel and the state court's decision will dispose only of some of the issues. See *Anco Insulations, Inc.*, 408 F.3d at 252. The state court's decision in *Liu v. Stull, et al.*, No. DC-14-06512, will dispose only of some of the issues before the court. For example, the defendants assert a claim for civil conspiracy before this court, while they do not assert such a claim in the state court suit.

Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction. . . ." *Colorado River*, 424 U.S. at 817. Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction give them. *Id.* A federal court may not relinquish jurisdiction to a state court absent the "exceptional circumstances." *Colorado River*, 424 U.S. at 813, 817-18.

The court need not extensively analyze each of the *Colorado River* factors here, because third-party defendants Liu and Montana West, together with the defendants, make no attempt to prove that "exceptional circumstances" exist for the court to abate the proceedings in favor of a concurrent state court proceeding. *Stewart*, 438 F.3d at 493 (even where a *Colorado River* factor normally weighs in favor of abstention, if the movant has "failed to show that 'rare circumstances' exist [, the factor] is 'at most neutral'") (quoting *Black Sea Investment, Ltd. v. United Heritage Corporation*, 204 F.3d 647, 651 (5th Cir. 2000)). Neither case assumed jurisdiction over any *res* in this case, and both forums are in Dallas, Texas -- weighing in favor of exercising jurisdiction. *Stewart*, 438 F.3d at 492. The state court suit was filed first, though the parties do not indicate how much progress has been made in the state court suit -- weighing at most neutrally. *Moses H. Cone Memorial Hospital*, 460 U.S. at 21. While state law governs some of the claims, the presence of state law issues weighs in favor of staying the proceeding only in rare circumstances. *Black Sea*

*Investment, Ltd.*, 204 F.3d at 651. Therefore, this factor is at most neutral. *Id.* Concurrent jurisdiction may lead to piecemeal litigation regarding the defendants' fraud claims -- weighing in favor of staying the proceedings. *Stewart*, 438 F.3d at 492. Lastly, the sixth factor heavily weighs in favor of exercising jurisdiction because the state court suit is an inadequate proceeding to resolve the case as claims and parties before this court are not in the state court suit. *Moses H. Cone Memorial Hospital*, 460 U.S. at 28; *Anco Insulations, Inc.*, 408 F.3d at 252.

The court does not apply these factors mechanically, but carefully balances them "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital*, 460 U.S. at 16. Therefore, even if Liu, Montana West, and the defendants contended that the *Colorado River* factors favored abstention, one factor in favor of a stay, two neutral factors, and three factors in favor of exercising jurisdiction is not enough for the court, here, to disregard its "virtually unflagging" obligation to exercise jurisdiction. *Colorado River*, 424 U.S. at 817. Liu, Montana West, and the defendants have failed to prove that exceptional circumstances exist for the court to abate the third-party complaint or the entire case.

Therefore, third-party defendants' motion to abate the third-party complaint and the defendants' request that the court abate the entire case are denied.

III.  CONCLUSION

For the reasons stated above, the third-party defendants' motion to abate is **DENIED**.

**SO ORDERED**.

May 17, 2016.

_____
**A. JOE FISH**
**Senior United States District Judge**